(C.D. 2879)

W. A. GLEESON v. UNITED STATES

United States Customs Court, Second Division

(Decided January 30, 1967)

*Barnes, Richardson & Colburn* for the plaintiff.
*Barefoot Sanders*, Assistant Attorney General, for the defendant.

Before RAO and FORD, Judges

FORD, Judge: The case listed above has been submitted for decision upon a written stipulation entered into by and between counsel for the respective parties which reads as follows:

IT IS HEREBY STIPULATED AND AGREED by and between counsel for the plaintiff and the Assistant Attorney General for the United States, subject to the approval of the Court, as follows:

1. That the merchandise covered by the subject entry and protest, and assessed with duty at the rate of 12.5% under Item 661.70 of the Tariff Schedules of the United States, consists of shoe machinery or parts thereof, to wit, machinery and equipment or parts thereof for the treatment of shoes during the manufacture thereof, by a process involving a change of temperature.

2. That said protest was filed on the subject entry under Section 514 of the Tariff Act of 1930, within 60 days after the date of liquidation thereof, and that said protest was pending for decision by this Court on December 7, 1965, the effective date of Public Law 89–241, 89th Congress, approved October 7, 1965.

3. That within 120 days after the date of enactment of said Public Law 89–241, a request was filed with the Collector of Customs at the port of entry for reliquidation and classification of said merchandise free of duty under Item 678.10, by virtue of Section 45(b) of said Public Law.

That the subject protest may be submitted on this stipulation, the same being limited to the merchandise assessed under said Item 661.70.

Accepting the stipulation, we find that plaintiff has complied with both section 514, Tariff Act of 1930, and the Tariff Schedules Technical Amendments Act of 1965, PL 89–241, T.D. 56511, and that said merchandise consists of machinery and equipment or parts thereof for the treatment of shoes during the manufacture thereof, by a process involving a change of temperature. Therefore, the claim in the

protest that said merchandise is properly free of duty under the provisions of the Tariff Schedules of the United States, as amended by section 45(b) of said PL 89–241 under item 678.10, is sustained. Judgment will be entered accordingly.